NicholsoN, C. J.,
delivered the opinion of the Court.
The questions of law in this case, arise upon the following facts: Brown rented to Hulme, fifty-eight acres of land for the year 1866, for which he was to pay two barrels of corn per acre. During the working season, Brown’s stock was in the habit of getting into the field, and damaging the corn; also, other stock; and among them a boar of Hulme’s. Brown was in the habit of watering his stock in the corn field; and sometimes when so turned in to water, and sometimes by jumping, some eight or ten head of Brown’s mules ran over and injured the crop. The damages done to the crop were variously estimated by the witnesses, but no specific amount is stated in the bill of exceptions.
"While the crop was being gathered, Hulme told Brown if he did not keep his stock out he would hurt them. Brown replied, that if defendant would not hurt his stock, he would pay for all damage they did to the crop. The fencing was bad. The promise of Brown to pay damages had express reference to damages that might occur after that time. No witness stated the damage done by Brown’s stock exclusively, or undertook to separate it from damage done by the stock o^ other persons.
Brown sued Hulme for the rent of the land, and Hulme offered, and asked permission to recoup said claim *681 to the extent of the damage as ascertained by the proof to have been done to the crop by Brown’s stock. On this point, the court instructed the jury that he would not be permitted to recoup for- unliquidated damages, or to reduce plaintiff’s claim, for such damages. The jury returned a verdict for plaintiff for $108, and defendant appealed to this court.
It is assigned for error, that the Circuit Judge held, in his charge to the jury, that the defendant could not recoup for unliquidated damages. "We must construe the charge of the court as made in reference to the facts of the case on trial. He meant to be understood by the jury as instructing them that the unliquidated damages claimed by defendant for injury to his crop by the stock of plaintiff, could not be recouped in this suit. And ^so understanding his charge, as we have no doubt the jury did, we think there was no error in it. The true test by which it is to be determined whether defendants can recoup for damages or not, depends upon the fact whether the damages sought to be made a set-off arise out of the plaintiff’s demands, and are such as defendant would be entitled to recover in a cross action: Code, 2918.
In the case of Overton v. Phelan, 2 Head, 446, Judge Yiright, after citing the cases of Porter v. Stacker, 3 Hum., 56, and Whitaker v. Pullen, 3 Hum., 466, says: “In these cases, it was held that the. amount of damages to which the defendant is entitled, in abatement of the claim against him in such case, will be the damages which he would be entitled to recover in a cross-action by him against the plaintiff for non-performance of his portion of the agreement.”
*682 If we apply this test to the ease before us, it will be apparent that the defendant claimed no abatement in the amount due for rent, on account of tire failure of plaintiff to perform his portion of the. agreement.as to the renting; but his-damages, are claimed on account of .injuries to his crop by the trespasses of plaintiff, or. by., his .negligence in 'allowing his stock to injure his crop. Such damages might be recovered in an action brought for that purpose, but as they did .not arise out of the plaintiff’s demand for .rent, or out of a failure of plaintiff to perform his portion of the contract of renting, they,were not the proper subject for, a set-off in the case before us; and therefore, there was no error in the charge of the Judge in rejecting them, even if the proof had shown, such damages as could be ascertained and estimated .by, the jury.
The judgment of the court below will be affirmed.